IN THE UNITED STATES COURT
OF FEDERAL CLAIMS

HEALTH INSURANCE PLAN OF GREATER NEW YORK, INC.,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

Civil Action No. 97-187C
(Judge Merow)

## PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(d)(1) of the Rules for the United States Court of Federal Claims, Plaintiff, Health Insurance Plan of Greater New York ("HIP-NY"), respectfully submits its Proposed Findings Of Uncontroverted Fact in support of its Cross-Motion for Partial Summary Judgment:[1]

### A. The Federal Employees Health Benefits Program

1. The Federal Employees Health Benefits Program ("FEHB Program") is the program through which federal employees, retirees, annuitants and their dependents and beneficiaries obtain health care benefits and services as part of their federal employment.[2]

---

1 The abbreviated citation forms used in this memorandum are as follows: (1) "Complaint/Answer at ___" refers to those paragraphs of the Complaint filed on March 24, 1997 that Defendant has admitted in whole or in part in its Answer dated June 30, 1997; (2) "Complaint at ____" refers to those portions of the Complaint that Defendant did not deny but contends are questions of law; (3) "Def. Motion" refers to "Defendant's Motion to Dismiss in Part or, in the Alternative, for Partial Summary Judgment" dated April 10, 1998; (4) "Dep. _____ at ___/___" refers to depositions of Defendant's officials taken in other cases, along with the page number and line number being cited; (5) "Decl. ____" refers to declarations in Plaintiff's Appendix; (6) "Ex. __, Pl. App. __" refers to the exhibits and the reference pages of the separately bound Appendix in support of Plaintiff's Motion and Memorandum dated May 11, 1998; (7) "Def. App. ____" refers to the reference pages from Defendant's Appendices; (8) "1985 Contract §____" refers to the FEHB Program Contract that was effective, subject to annual renewals, from January 1, 1985 through December 31, 1990; and (9) "1991 Contract §____" refers to the FEHB Program Contract that was effective, subject to annual renewals, from January 1, 1991 through December 31, 1994.

2 5 U.S.C. §§ 8901 et seq.; see also Def. Motion at 4; Complaint/Answer at ¶ 8.

19. During the claim period, HIP-NY was contractually obligated and had the contractual right to rely upon the enrollment data provided by Defendant.[23]

20. The enrollment data determines the premiums due HIP-NY for each payroll period covered by the claim.[24]

21. In 1991, OPM revised the FEHB Contract to require, for the first time, that Defendant and HIP-NY "reconcile" their enrollment records annually.[25] The contract required Defendant to provide the carriers enrollment records and carriers were to "reconcile its enrollment records with those provided by the Government."[26] Since at least 1991, HIP-NY annually reconciled its enrollment records with the records provided by Defendant.[27]

E. Payments

22. During the claim period, HIP-NY received payments twice a month from OPM by wire transfer in payment of premiums due under the FEHB Program.[28]

23. During the claim period, OPM did not allocate any portion of a particular payment to a particular payroll office making the payment or for the benefit of any particular enrollee.[29]

---

23 1985 Contract § 3.3 (Ex. 1, Pl. App. 7); 1991 Contract § 1.5 (Ex. 2, Pl. App. 15); Dep. Block at 193/1-9 (Ex. 5, Pl. App. 35).

24 Complaint/Answer at ¶ 28.

25 1991 Contract §1.5 (Ex. 2, Pl. App. 15); Def. Motion at 13. The 1985 contract did not mandate this reconciliation process.

26 Id.

27 Declaration of William Mulryan ("Mulryan Decl.") at ¶¶ 3-4 (Ex. 4, Pl. App. 28-29); HIP-NY Sample Reconciliation Correspondence (Ex. 12, Pl. App. 99-112).

28 Complaint/Answer at ¶ 32; see also Def. Motion at 5, 7.

29 Complaint/Answer at ¶ 32.

30. OPM did not respond to the administrative claim for underpayment within the sixty days required under the contract and applicable statute and regulations. Accordingly, OPM rejected the claim due to lapse of time.[36]

31. HIP-NY exhausted all of its administrative remedies prior to filing this lawsuit.[37]

**G. Underpayments**

32. Defendant has admitted that it has consistently underpaid FEHB Program community-rated carriers, which includes HIP-NY, the full amount of premiums due under the FEHB Program.[38]

33. Defendant was obligated to pay the full premium for each subscriber enrolled in the HIP-NY plan at the negotiated rates during the claim period.[39] Defendant admits it is obligated to pay all underpayments of the premiums due for all enrollees enrolled in HIP-NY's plan during the claim period.[40]

Respectfully submitted,

Dated: May 11, 1998

JEFFREY W. KING, ESQ.
KING, PAGANO & HARRISON
1730 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 371-6800

Attorneys for Plaintiff,
Health Insurance Plan of Greater New York

---

36 Complaint/Answer at ¶ 32.

37 Complaint at ¶ 44.

38 Dep. Block at 83/15-17, 248/21-249/2 (Ex. 5, Pl. App. 33, 36); Dep. Titus at 30/5-8, 88/21-89/3, 209/3-12 (Ex. 7, Pl. App. 45-47, 49); Dep. Ray at 115/3-19, 202/8-14 (Ex. 8, App. 51-52); Dep. Lewis at 49/11-20, 203/15-204/4 (Ex. 6, App. 39, 40-41); Dep. Jansen at 165/9-14, 166/1-12, 209/10-18 (Ex. 9, App. 54-56).

39 1985 Contract § 1.2, 3.1 (Ex. 1, Pl. App. 3, 5); 1991 Contract Signature Page and § 3.1 (Ex. 2, Pl. App. 10, 18); see also Def. Motion at 12, n. 16; Dep. Block at 193/10-15 (Ex. 5, Pl. App. 35).

40 Def. Motion at 12, n. 16; see also Dep. Block at 193/10-15 (Ex. 5, Pl. App. 35).

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that I caused one copy of *PLAINTIFF'S* PROPOSED FINDINGS OF UNCONTROVERTED FACTS to be served, via first class mail, postage prepaid, this 11th day of May, 1998, upon the following individual:

John E. Kosloske
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
Room 8012
1100 L Street, N.W.
Washington, D.C. 20530

Christopher Flynn

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HEALTH INSURANCE PLAN OF GREATER NEW YORK, INC., Plaintiff, | |
| v. | No. 97-187C (Judge Merow) |
| THE UNITED STATES, Defendant. | |

DEFENDANT'S STATEMENT OF GENUINE ISSUES

Pursuant to RCFC 56(d)(2), defendant, the United States, responds to "Plaintiff's Proposed Statement of Facts" dated May 11, 1998, as follows:[1]

1. Admits.

2. The allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that OPM is charged with the responsibility for administering the Federal Employees Health Benefits Act (FEHB Act),

---

[1] In this document, "Answer ¶ ____" refers to the referenced paragraphs of "Defendant's Answer" dated June 30, 1997; "Pl. App. ____" refers to the referenced page(s) of the "Appendix to Plaintiff's Memorandum of Law in Support of its Motion for Partial Summary Judgment on Counts I and II and in Opposition to Defendant's Motion to Dismiss in Part or, in the Alternative, for Summary Judgment" dated May 11, 1998; "Def. App. ____" refers to the referenced page(s) of the separately-bound, three-volume appendix dated April 10, 1998, filed in support of "Defendant's Motion to Dismiss in Part or, in the Alternative, for Partial Summary Judgment" dated April 10, 1998; and "Def. Supp. App. ____" refers to the referenced page(s) of the supplemental appendix accompanying "Defendant's Opposition to Plaintiff's Cross Motion for Partial Summary Judgment and Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Partial Summary Judgment" dated June 11, 1998."

18. The allegation contained in paragraph 18 is a conclusion of law to which no response is required.

19. The allegations contained in paragraph 19 are conclusions of law to which no response is required.

20. The allegation contained in paragraph 20 is a conclusion of law to which no response is required.

21. The allegations contained in the first and second sentences of paragraph 21 are conclusions of law to which not response is required; admits the allegations contained in the third sentence of paragraph 21.

22. Admits.

23. Denies the allegations contained in paragraph 23, except to admit that, upon a quarterly basis, OPM provided plaintiff with a report during the claim period that set forth the amount paid by each employing agency, but which did not identify the particular enrollee(s) upon whose behalf those payments were made. See Answer ¶ 32.

24. Admits.

25. Admits.

26. The allegation contained in paragraph 26 is a conclusion of law to which no response is required.

27. Denies the allegations contained in paragraph 27, except to admit that in May and June of 1996, plaintiff sent letters to more than one employing agency or payroll office in which plaintiff complained that the employing agencies and payroll offices contacted had not provided plaintiff with name lists within

I, § 1.5(b),(c), Def. App. 184. These provisions dovetail with FEHB regulations which, as noted above, provide that whenever an agency "determines" that it has made an underpayment of premiums into the Employees Health Benefits Fund, it must make a corrective payment into the Fund within 60 days of that determination. 5 C.F.R. § 890.502(e) (1994).

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General

DAVID M. COHEN
Director

OF COUNSEL:

PAUL BRITNER, ESQ.
Office of General Counsel
Office of Personnel Management
Washington, D.C. 20410

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Defendant

JUNE 11, 1996

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 11th day of JUNE, 1998, I caused to be sent by United States mail (postage prepaid) a copy of "DEFENDANT'S STATEMENT OF GENUINE ISSUES" addressed as follows:

JEFFREY W. KING, ESQ.
King, Pagano & Harrison
1730 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20006

J. E. Phillips